# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOSHCO TECH, LLC, <br>     Plaintiff(s), <br> v. <br> MJJ&L HOLDINGS, LLC, et al., <br>     Defendant(s). | Case No.: 2:20-cv-00428-APG-NJK <br><br> **Order** <br><br> [Docket Nos. 43, 44] |

Pending before the Court is a stipulation to revive and extend various deadlines, which is premised on the fact that the parties disputed whether discovery should proceed once Defendants filed a motion to stay discovery. Docket No. 43. Also pending before the Court is Plaintiff's motion to compel a meet and confer, which arises out of assertions that Defendants have refused to engage in discovery or in the meet-and-confer process in light of the pendency of their motion to stay discovery and their objection to the order denying the motion to stay discovery. Docket No. 44. Neither the stipulation nor the motion cites to legal authority specific to the issues in dispute. In an effort to move this case along and given the well-settled nature of the legal issues, the Court hereby **DENIES** without prejudice both the stipulation and the motion so that the parties can re-evaluate their positions before pressing for judicial intervention in light of the below.

First, it is well-settled that the act of filing of a motion to stay discovery does not actually create a stay of discovery. *E.g.*, *HRC-Hainan Holding Co. v. Yihan Hu*, 2020 WL 1643786, at *2 (N.D. Cal. Apr. 2, 2020) (collecting cases). Only the issuance of an order granting such a motion actually imposes a stay. Such an order was never issued in this case.

Second, it is well-settled that the filing of an objection to a magistrate judge's non-dispositive order does not impact the operation of that order. *E.g.*, *Castelan-Gutierrez v. Bodega Latina Corp.*, 2018 WL 4050493, at *1-2 (D. Nev. Mar. 30, 2018) (collecting cases). Instead, a

party seeking to stay enforcement of a magistrate judge's order must file a motion seeking such relief and the underlying order remains effective absent an order finding a stay appropriate in light of the objection. Such a motion was never filed or granted in this case.

Third, a discovery motion must be predicated only on a good faith <u>effort</u> to meet-and-confer, not necessarily on the completion of an actual meet-and-confer when the opposing party is refusing to engage. *E.g.*, *V5 Techs. v. Switch Ltd.*, 334 F.R.D. 297, 302 (D. Nev. 2019) ("Gamesmanship by an opposing party that thwarts the meet-and-confer process is not grounds to deny a discovery motion"). Assuming for purposes of this order that the representations are correct that Defendants have refused to meet and confer, it is not clear that an order requiring them to change course is a necessary precursor to the filing of a discovery motion.

Given that neither the stipulation to extend nor the motion to compel recognizes the case law involving the basic principles addressed above, they are both **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: September 21, 2020

_____
Nancy J. Koppe
United States Magistrate Judge